**Donna Kay NICHOLS, Appellant,**

v.

**JAY TRUCK DRIVER TRAINING CENTER, Respondent.**

**No. WD 43782.**

Missouri Court of Appeals,
Western District.

Aug. 13, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1991.

Christopher S. Korth, Kansas City, for appellant.

Jeff Franklin Stigall, Kansas City, for respondent.

Before FENNER, P.J., and TURNAGE and ULRICH, JJ.

FENNER, Presiding Judge.

Donna Kay Nichols appeals a final award issued by the Labor and Industrial Relations Commission (Commission) affirming an award of the Administrative Law Judge (ALJ) denying compensation in the form of death benefits as a result of the death of her husband, Timothy Ray Nichols.

On the evening of May 2, 1988, the deceased, Timothy Ray Nichols, was on the premises of his employer, Jay Truck Driver Training Center (Jay), where he had been employed as a mechanic since July, 1984. At approximately 8:05 p.m. that evening, the deceased was doing mechanical work on a car owned by a Mark Cayer, also an employee of Jay. Present at that time were appellant, Donna Nichols and Mr. Cayer. The accident causing Timothy Nichols' death occurred when the hydraulic jacks, supporting the car under which he was working, failed to support the car. The car fell on Timothy Nichols, crushing him. He was transported by emergency vehicle to Liberty Hospital, where he died a short while after the accident.

At the time of the accident, Timothy Nichols was clocked out and was working on Mr. Cayer's personal vehicle. According to the testimony of Donna Nichols, Timothy Nichols, in order to supplement his income, had worked on personal cars and other vehicles outside his duties for Jay usually once or twice a week and that the work was usually performed on Jay premises.

It was the policy of Jay to allow employees to work on their personal vehicles in the garage area, provided the employee received prior permission. The testimony of the witnesses for the parties differed significantly with respect to the question of whether Timothy Nichols had permission to work on the vehicle of Mr. Cayer on the evening the accident occurred. Other pertinent facts and testimony will be discussed as relevant to the points on appeal.

The ALJ, after hearing the evidence, denied the claim, finding that the work being performed by Timothy Nichols was of a personal nature and did not manifest any benefit to the employer. The Commission affirmed the decision of the ALJ, finding that while authorization to work on cars was required, none was given to Timothy Nichols.

On appeal, Donna Nichols presents three points, the third of which will not be addressed as it merely reiterates issues raised in points one and two. In point one,

Donna Nichols alleges that the findings of the Commission were in error because the fact that there may have been permission given by Jay for the work performed by Timothy Nichols as an employee on Jay premises and the fact that a Supervisor knew of the work being performed, support a policy of employer approval of said work and therefore, the work was incidental to Timothy Nichols' employment and thus compensable.

This court is restricted in its review by § 287.490.1, RSMo 1986, to questions of law and may set aside an award of the Commission only where the following grounds exist:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

In a workers' compensation proceeding, the burden is on the claimant to prove the basis of the claim, and the first essential is that the claimant prove the injuries were the result of an accident which arose out of and in the course of employment. *McClain v. Welsh Co.*, 748 S.W.2d 720, 724 (Mo.App.1988). In reviewing the decision of the Commission, this court looks only to the evidence most favorable to the decision. *Id.* The award of the Commission will be disturbed only when it is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence. *Id.*

The evidence and testimony presented to the ALJ indicated that at the time of the accident, Timothy Nichols was not working for his employer, Jay, as he was not timed in and that he was working with Mr. Cayer on Mr. Cayer's vehicle.

A memorandum addressed to instructors and all other Jay personnel, from Jay's director, Jim Prevost, was admitted at the hearing before the ALJ. The memorandum was dated August 20, 1984, and stated that no one would be allowed to bring their vehicle into the garage area to work on it at anytime, day or night and that infractions would be subject to immediate dismissal. However, Mr. Larry Mansfield, Director of Fleet Operations for Jay, testified that it was company policy to allow employees to work on their own vehicles on the premises of Jay, provided prior permission was received.

Actually, there was no dispute as to the necessity of employees receiving prior permission before working on their personal cars. What was disputed was the question of whether or not Timothy Nichols received the requisite permission prior to working on Mr. Cayer's vehicle. The only evidence to the effect that Timothy Nichols received prior permission came from the deposition of Mr. Cayer, which was introduced at the hearing. In his deposition, Mr. Cayer testified that his foreman, a Mr. Darrell Cole, gave him permission to work on his car on the premises the evening of the accident. However, Mr. Cole, a shop foreman for Jay, denied giving Mr. Cayer or Timothy Nichols permission to work on Mr. Cayer's car and testified that he did not have authority to give such permission.

After a review of the evidence and testimony, the ALJ found that Donna Nichols had failed to prove that Timothy Nichols sustained injuries as a result of an accident arising out of and in the course of his employment. The ALJ noted that an issue existed regarding whether Timothy Nichols received permission to work on the premises, but found that there had been no permission given.

The Commission likewise found that permission was not given to Timothy Nichols, noting that the only testimony indicating that authorization had been obtained to work on the car came from the testimony of Mark Cayer. The Commission went on to state, "Specifically, we do not find Mr. Cayer's testimony to be credible."

This court has carefully reviewed the record and finds sufficient, competent evidence to support the findings of the ALJ and the Commission. The grounds set forth in § 287.490.1 are not present herein.

Therefore, this court is not in a position to disturb the award. Point one is denied.

■ In point two, Donna Nichols argues that the Commission erred in failing to correctly interpret and apply the "mutual benefit" theory because there was sufficient evidence that the type of work Timothy Nichols was performing was a fringe benefit of his employment and that benefit flowed to Jay, thus making the injury compensable. She correctly points out the proposition that generally, injuries resulting from an accident occurring while an employee is conducting a personal act are not compensable, but that an exception exists where the personal act has some benefit for the employer as well as the employee. *Brenneisen v. Leach's Standard Service Station*, 806 S.W.2d 443 (Mo.App. 1991).

Donna Nichols claims that Jay benefitted from allowing employees to work on its premises and by allowing use of its tools because in doing so Jay was guaranteeing increased proficiency and expertise with the tools. Another benefit Donna Nichols claims on behalf of Jay is that by allowing employees to remain on the premises, after hours, ensured to Jay increased security for the garage. Additionally, Donna Nichols claims Jay benefitted by allowing an employee the opportunity to earn outside, supplemental income in that by doing this, Jay was able to retain more of its employees than if it disallowed this practice and in turn, sustained a high turn-over of employees seeking a higher income.

The *Brenneisen* case cited by Donna Nichols is not dispositive herein. In that case, decedent Brenneisen was an employee at a service station where he was required to wear a uniform. Pursuant to an established system to facilitate cleaning the uniforms, the soiled uniforms were picked up on Friday mornings and taken to be cleaned. Approximately ten dollars per week was deducted from each employees' wages to pay for the cost of cleaning. According to the owner of the service station, if an employee did not want money taken out of his pay check he possibly would be terminated. On the day of the accident, a Thursday, Brenneisen had driven to work, but had forgotten his uniforms. After he clocked out, he drove home, retrieved his uniforms and on the return trip collided with a parked car, which resulted in his death.

On appeal from the denial of death benefits the Eastern District reversed the decision of the Commission, holding that the fatal injury arose out of and in the course of employment. The Court observed that the wearing of the uniform was mandatory and through the admission by the owner of the service station, offered some benefit, by setting a certain image. Additionally, the court noted that the award of the ALJ overlooked the undisputed and critical fact that other employees, including the owner had previously traveled to their homes to retrieve their uniforms. *Brenneisen*, 806 S.W.2d at 447.

■ The facts of that case are readily distinguishable from those in the present case. In *Brenneisen*, wearing a uniform was mandatory and viewed as a benefit to the owner, whereas in this case Jay in no way mandated employees to work on their personal vehicles. Also of significance in the case herein, is the fact that employees of Jay were required to seek prior permission pursuant to Jay's policy. The court in *Brenneisen*, 806 S.W.2d at 448k, held that the evidence clearly indicated that the deceased was traveling as a necessity of the employer and as a consequence the risk involved arose out of his employment. Such is not the case here. The Commission did not erroneously fail to decide that the work Timothy Nichols was performing on the evening of the accident was of benefit to the employer. Point two is denied.

The decision of the Commission was supported by competent and substantial evidence on the whole record and is affirmed.

All concur.